The reason I think an appeal is warranted in this case is that no court has yet considered the entire case. This is a case where there was an expert opinion, we claim, without scientific foundation, there was an ineffectual cross-examination that did nothing to dissuade the expert's opinion, and it was all without the benefit of expert testimony refuting it because of the mistake of law that counsel had made when he believed he could not call the expert he had retained to his state. These kinds of evidentiary matters usually don't warrant habeas relief. Well, Your Honor, in this case what we're talking about is a situation where the entire case against the defendant, 100% was the expert's opinion, and that expert's opinion was without foundation. We have a conviction with no evidence against the defendant at all. But you're asking us on collateral review to evaluate whether there was a foundational basis for the expert's opinion. That's part of it. It's difficult to do. Well, there would be a due process violation, Your Honor, if there was no evidence against the defendant. I mean, that's a federal claim. It's not merely evidentiary. It's the entire case against my client. And compounded with that is the ineffective assistance of counsel who did not present the expert who could have refuted that. So that's a different but related federal claim. But am I right that the question is not whether the state court was wrong in this decision, but it has to be so wrong that it was unreasonable? That is correct. Now, that's a mighty difficult standard. It is a mighty difficult standard, Your Honor. But when we have someone who the state court has found made a dramatic error, he had an expert witness ready to testify, and he believed he was not allowed to do so because that witness had been in the courtroom when the state's expert did it. That is black letter wrong, completely wrong, and the state court found that that was ineffective. So we start with the deficiency already, and now we look at it. Counsel understood that he could call a different witness or believed he could call a different witness, but then elected not to. Is that not so? That's not so. He elected not to way at the beginning. He said he would have, but he never retained a second person. The question is whether at the close of the cross-examination, counsel should have known that he needed to call his expert. At that point, it was too late to go find a second expert. He had already made that decision, and perhaps that decision was reasonable at the time it was made, but by the time cross-examination was over, it was not a should I cross or should I take my witness to the stand. It was why not do both? That's where he dropped the ball, and that's why both issues are substantial deprivations of the statute. Thank you. All right. Thank you. Good morning. My name is Steve Dolan. I'm going to speak up. Are we confident that that microphone is working? Because I'm not hearing any amplification, actually. Yeah, let's just see if the volume can be increased. No, because when I adjust it here, I'm not getting anything. Try again. Yeah, see, I don't think the microphone is. I think you're right. Is it working now? Thank you. Your Honor, in this case, the district court properly rejected the habeas petition, and no certificate of appeal should be granted. The habeas standard is extremely high, and the defense has failed to show any unprofessional error or prejudice therefrom. The reason the trial counsel, and this is a very important distinction, did not call an expert was not because he had the state misunderstanding of law as to Mr. Ganallo. He testified at the hearing in response to a question by a petitioner's attorney. I didn't. My question is just a technical one. The issue before us is whether a certificate of appealability should be granted. Correct. So on that question, the burden is very heavily on yours. That is, if there's any issue that might be worth doing, then we should grant a COA and let a merits panel then presumably discuss the underlying issue. But there is no issue, Your Honor, most respectfully. The attorney did not. First, he was never required to call an expert. That's black-letter law from Harrington v. Richter. Two, his reason for not calling the expert under the first Strickland prong was because, as he testified, I felt after consulting with that expert extensively, I had sufficient firepower and information from the expert's tutelage. That is a clearly reasonable objective trial strategy. And as for the prejudice prong, there could be no grounds or possible error there because this expert, it was simply an impeachment cross-examination strategy. This was not a case where the expert had some new theory or some alternative facts for the defense that would have been presented. All he did was exactly what trial counsel did, which was to impeach or attempt to impeach the people's expert. The fact that the people's expert then didn't stand the stand, oh, you're right, I made mistakes, that's not the standard because the Supreme Court has said a reasonable trial attorney could elect to decline to call an expert, even if it would help his defense, as long as that was objectively reasonable. And here, as this court itself said in Waiters just last year, we can't speculate on what a jury would have thought about the expert. Under the very high adeptus standards, as long as reasonable jurists could disagree about the rightness or wrongness of the court's decision, there's no grounds for habeas and no issue whatsoever upon which the certificate should be granted. If there are no further questions, we will rely. Thank you, Raj.